<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>ROBERT CRISTELLO,<br><br>                Defendant. | Crim. No. 17-00269 (GC)<br><br>**<u>MEMORANDUM ORDER</u>** |

**<u>CASTNER, District Judge</u>**

      **THIS MATTER** comes before the Court upon *pro se* Defendant Robert Cristello's Petition for Modification of Supervised Release under 18 U.S.C. § 3583(e)(2). (ECF No. 35.) The Government opposed the Petition. (ECF No. 37.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Petition is **DENIED** without prejudice.

**I.     BACKGROUND**

      On July 13, 2017, Defendant was charged in a one-count indictment alleging that between February 22, 2015, and March 17, 2015, he knowingly received and distributed child pornography. (ECF No. 20.) Defendant thereafter pled guilty to one count of distribution and receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). (ECF No. 32.) On March 2, 2018, Defendant was sentenced to a 96-month term of imprisonment to be followed by five years of

supervised release.[1] (ECF No. 32.) At sentencing, the Court imposed the following special conditions on Defendant's supervised release: (1) computer monitoring; (2) financial disclosure; (3) mental health treatment; (4) restricted contact with minors; (5) new debt restrictions; (6) polygraph examination; and (7) motor vehicle compliance. (*Id.* at 3-4.) The Court also ordered Defendant to pay $9,000 in restitution to child abuse victims. (*Id.* at 7.)

Defendant filed the instant Petition,[2] challenging three special conditions imposed by the sentencing court—financial disclosure (requiring Defendant to "provide the U.S. Probation Office with full disclosure of [his] financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns" upon request); new debt restrictions (prohibiting Defendant from "incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office"); and polygraph examination (requiring Defendant to "submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the U.S. Probation Office, to assist in treatment, planning, and case monitoring"). (ECF No. 35 at 2.[3])

Defendant contends that the financial disclosure and new debt restriction conditions will place a significant hardship on him by impeding his ability to form and operate a business entity.

---

[1] Defendant is scheduled to commence his supervised release on January 27, 2025. However, Defendant advised the U.S. Probation Office that because he is presently retired and plans to rely on social security benefits, he will not have the funds to avoid homelessness if released. (ECF No. 39.) Defendant therefore agreed to extend his stay at his current residential re-entry center by six months, and agreed to participate in a sex offense-specific assessment and treatment program. (*Id.*) The Court entered an Order granting these modifications to Defendant's supervised release on January 6, 2025. (*Id.*)

[2] Following the filing of Defendant's Petition, this matter was assigned to the undersigned on August 5, 2024.

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

(*See id.* at 4-5.) Defendant submits that he will be "seeking additional financial assistance from community-based financial institutions that receive funds from federal, state, and private sources," and argues that his "supervised release special conditions . . . present a level of risk to a bank and investor." (*Id.*) Defendant also avers that the special conditions will have an adverse impact on any future business partners. (*Id.*) Finally, Defendant urges the Court to remove the polygraph special condition, arguing that courts have found polygraph examinations to be unreliable and inadmissible as evidence. (*Id.* at 5-6.)

The Government objects to any modification of Defendant's supervised release. (ECF No. 37.) It first argues that the financial disclosure and new debt restriction conditions are appropriate to ensure that Defendant pays the required $9,000 in restitution. (*Id.* at 3.) The Government further asks the Court to reject Defendant's "conjecture" about his new business venture, emphasizing that Defendant "has not offered the name or purpose of his new business," "has not explained why or when he will be applying for a bank loan," and has not provided "why he thinks that Probation would not approve his request to apply for the loan." (*Id.* at 4.) Finally, the Government contends that regardless of the admissibility of polygraph examinations at trial, their use by probation officers as a supervision tool is both constitutional and appropriate here. (*Id.*)

## II.     LEGAL STANDARD

By statute, this Court may modify a term of supervised release. 18 U.S.C. § 3583(e)(2). When evaluating motions for a modification of supervised release, courts begin by considering the following statutory sentencing factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed— . . .
>
> > (B) to afford adequate deterrence to criminal conduct;

>>(C) to protect the public from further crimes of the defendant; and
>
>>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>. . .
>
>(4) the kinds of sentence and the sentencing range established for—
>. . . [the particular defendant and particular conviction or violation];
>
>(5) any pertinent policy statement— . . . [issued by the Sentencing Commission];
>
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>(7) the need to provide restitution to any victims of the offense.
>
>[18 U.S.C. § 3553(a).] [4]

"District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)). Courts are afforded "broad discretion to impose special conditions on supervised release or modify its terms" and "[i]n doing so, [] shall consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" *United States v. Roebuck*, 761 F. App'x. 98, 103 (3d Cir. 2019) (internal citation omitted).

---

[4] Two statutory sentencing factors, 18 U.S.C. §§ 3553(a)(2)(A) and (a)(3) are excluded from this analysis: the seriousness of the offense and the adequacy of the defendant's punishment. 18 U.S.C. § 3583(e)(1). This omission aligns with probation's primary purpose, which is "to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021) (citations omitted).

4

## III.  DISCUSSION

After careful consideration of the relevant section 3553(a) factors, the Court declines to modify the special conditions of Defendant's supervised release. In this case, the special conditions imposed by the Court are "reasonably related to the goals of deterrence, protection of the public and rehabilitation of" Defendant, and the resulting deprivation of Defendant's liberty is "no greater than necessary to meet these goals." *See United States v. Voelker*, 489 F.3d 139, 152 (3d Cir. 2007) (internal citations omitted). Moreover, as set forth below, Defendant has not come forward with "sufficient information to warrant modification of the terms of his supervised release." *United States v. Davies*, 746 F. App'x. 86, 89 (3d Cir. 2018).

### A.    Financial Disclosure and New Debt Restrictions

The Court agrees with the Government that the financial disclosure and new debt restriction conditions are appropriate considering the $9,000 restitution order entered by the Court. *See* U.S.S.G. § 5D1.3(d)(2) (recommending that where a defendant is ordered to pay restitution, courts should also impose "a condition prohibiting the defendant from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the defendant is in compliance with the payment schedule"). Further, Defendant has provided no concrete information about the business entity he intends to form, including the nature of the business or the identities of his prospective business partners. (*See generally* ECF No. 35.) Moreover, Defendant's contention that the special conditions will hamper his ability to obtain lending is only speculative at this time, as Defendant has yet to begin his supervised release. *See United States v. Gamarra,* 2024 WL 5098052, at *4 (E.D. Tex. Dec. 11, 2024) ("Requests for modification are premature or unripe if they are speculative or rest on contingent future events that may not occur as anticipated." (citing *United States v. Ehret*, 2023 WL 3220915, at *1 (5th Cir. May 3, 2023))). As a result, Defendant has not provided sufficient information for the Court to conclude that

modification is warranted here. *See Davies*, 746 F. App'x. at 889. Defendant's request to modify the financial disclosure and new debt restriction conditions will therefore be denied without prejudice.

### B. Polygraph Examination

The Court will also deny Defendant's request to modify the polygraph examination condition. In support of his Petition, Defendant relies on cases in which polygraph examinations were held to be inadmissible at trial. (*See, e.g.*, ECF No. 35 at 6 (citing *United States v. Cordoba*, 991 F. Supp. 1199, 1205 (C.D. Cal. 1998), *aff'd*, 194 F.3d 1053 (9th Cir. 1999) (finding polygraph evidence inadmissible at trial).) But the cases cited by Defendant are inapposite because the results of his polygraph examinations are not being offered into evidence, but rather will be used to assist the U.S. Probation Office in "treatment, planning, and case monitoring." (ECF No. 32 at 4.)

Indeed, the United States Court of Appeals for the Third Circuit has routinely upheld the use of polygraph examinations as a condition of supervised release, noting they are "reasonably related to the protection of the public" and potentially "beneficial in enhancing [] supervision and treatment." *United States v. Lee,* 315 F.3d 206, 217 (3d Cir. 2003); *see also United States v. Kenrick*, 241 F. App'x. 10, 18 (3d Cir. 2007) ("[P]olygraph examinations are plainly a proper means by which the district courts may increase the probability that a defendant will comply with the conditions of his supervised release."); *United States v. Ortiz*, 746 F. App'x. 116, 120 (3d Cir. 2018) ("We have held that periodic polygraph testing at the direction and discretion of a probation officer 'does not impose a significantly greater demand . . . than that placed on any other probationer' because it is not substantially more burdensome to submit to the testing than it is to 'report periodically to a probation officer and provide truthful answers to the officer's inquiries.'").

The Third Circuit has also upheld the use of polygraph examinations in cases, such as this one, where defendants were convicted of possessing child pornography. *See United States v.*

6

*McKinney*, 324 F. App'x. 180, 184 (3d Cir. 2009) (holding that the district court did not abuse its discretion by imposing polygraph examinations as a condition of supervised release for a defendant convicted of a child pornography offense); *United States v. Kosteniuk*, 251 F. App'x. 97, 100 (3d Cir. 2007) (same); *United States v. Warren*, 76 F. App'x. 432, 437 (3d Cir. 2003) (same).

Here, Defendant has not persuaded the Court that it should depart from the weight of authority finding that polygraph examinations are useful tools in ensuring a defendant's compliance with the terms of their supervised release. To the contrary, the Court finds that periodic polygraph examinations will benefit both the public and Defendant. Accordingly, Defendant's request to modify the polygraph examination special condition is denied without prejudice.

### IV. CONCLUSION & ORDER

For the foregoing reasons, and other good cause shown,

**IT IS** on this 14th day of January 2025 **ORDERED** as follows:

1. Defendant's Petition for Modification of Supervised Release (ECF No. 35) is **DENIED** without prejudice.

2. The Clerk's Office is directed to **TERMINATE** the Petition pending at ECF No. 35.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**